**CAMPUS BUSINESSES, A LIMITED PARTNERSHIP, Appellant,**

**v.**

**OHIO LIQUOR CONTROL COMMISSION, Appellee.**

[Cite as *Campus Businesses, A Ltd. Partnership v. Ohio Liquor Control Comm.* (1992), 82 Ohio App.3d 14.]

Court of Appeals of Ohio,
Franklin County.

No. 92AP–698.

Decided Aug. 20, 1992.

*James M. Sterner,* for appellant.

*Lee Fisher,* Attorney General, and *Chester T. Lyman, Jr.,* Assistant Attorney General, for appellee.

TYACK, Judge.

On August 15, 1991, the Ohio Department of Liquor Control filed a series of complaints seeking revocation of the liquor permits for Jousters, Purity Mining Company, Park Alley, Locker Room, Presley's, and Moran's Speakeasy. In each case, revocation was sought because Albert J. DeSantis, a convicted felon, was alleged to have a direct or indirect legal or beneficial ownership interest in the permit business. The complaints also alleged that DeSantis's involvement had been concealed from the Ohio Department of Liquor Control.

In December 1991, two days of hearings were conducted on the complaints before the Ohio Liquor Control Commission. After receiving extensive evidence, the Liquor Control Commission ordered that the respective permits be revoked, effective January 25, 1992.

Pursuant to R.C. 119.12, Campus Businesses, A Limited Partnership ("CBLP"), the actual permitholder for the six bars, appealed the orders of the Liquor Control Commission to the Franklin County Court of Common Pleas. A judge of the court of common pleas affirmed the revocation orders, finding:

" * * * There was ample testimony before the Commission to justify revocation of the permits.

" * * *

"The Court finds that there is reliable, substantial and probative evidence to support the Decision of the Commission and there appear to be no errors of law. * * *"

■ CBLP has now pursued a further appeal to this court, assigning a single error for our consideration:

"The court of common pleas erred when it found that the decision of the Ohio Liquor Control Commission was supported by reliable, probative and substantial evidence and was in accordance with law."

The three volumes of transcript in the record and the various exhibits more than meet the requirement that the revocation orders be supported by reliable, substantial and probative evidence. The evidence shows that DeSantis never relinquished financial control over CBLP through his control of the primary checking account for CBLP. In April 1990, he hired the office manager for CBLP and fired her one year later. He called the various bars on a regular basis and frequently ordered the transfer of funds from the individual bar checking accounts into the primary CBLP checking account under his control. He participated in monthly meetings to assess the profitability of the various bars. After orchestrating a change of the general partner of CBLP to a person closely aligned with him, he collected funds from individual bars and made offers of employment to various management personnel at the bars. He claimed to be the owner and operator of the bars to John Racanelli and offered to retain Racanelli as operations manager in April 1991 after the change of general partners in CBLP. Thus, the portion of the assignment of error that suggests that reliable, substantial and probative evidence was lacking is overruled.

■ The second portion of the assignment of error is an allegation that the revocation orders were not in accordance with law. The statutory provision upon which the Liquor Control Commission primarily relied is contained in R.C. 4303.29(A). The pertinent portion of the statute reads:

"No person heretofore convicted of any felony shall receive or be permitted to retain any permit; nor shall such person have an interest, directly or indirectly, in any permit. * * *"

CBLP argues that "heretofore convicted" means that R.C. 4303.29 applies only to persons convicted of felonies prior to 1934, when the predecessor to R.C. 4303.29 was enacted into the then General Code of Ohio. This argument is very novel, but not very persuasive. We are bound to follow R.C. 1.47, which reads:

"In enacting a statute, it is presumed that:

"(A) Compliance with the constitutions of the state and of the United States is intended;

"(B) The entire statute is intended to be effective;

"(C) A just and reasonable result is intended;

"(D) A result feasible of execution is intended."

In enacting and modifying R.C. 4303.29 over the years, including most recently in April 1991, the legislature has clearly intended to bar felons from involvement in permit premises, whether the felons are old felons or young felons. To suggest that the statute applies only to those persons who were convicted over fifty-seven years ago is to suggest that the statute is unreasonable and possibly unconstitutionally discriminatory. We choose to construe the statute to mean that a person convicted of a felony cannot thereafter have an interest in a liquor permit. The order of the Liquor Control Commission is not contrary to law, given this interpretation.

The complaints seeking revocation of the permits also indicated that CBLP misrepresented facts regarding DeSantis's involvement in the bars to the Ohio Department of Liquor Control. These allegations are also true. Given the extensive involvement of DeSantis in the operation and management of CBLP outlined above, the filing of forms which failed to mention him as having an indirect or beneficial interest in CBLP can only be considered a misrepresentation. Forms were filed on behalf of CBLP in which CBLP was expressly asked if any other persons had an interest in the permitholder and DeSantis's name was not mentioned.

The concealment by CBLP of DeSantis's involvement could be considered a violation of R.C. 4303.292, which reads, in pertinent part:

"(A) The department of liquor control may refuse to issue, transfer the ownership of, or renew, and shall refuse to transfer the location of any retail permit issued under this chapter if it finds:

"(1) That the applicant, any partner, member, officer, director, or manager thereof, or any shareholder owning ten per cent or more of its capital stock:
"* * *

"(c) Has misrepresented a material fact in applying to the department for a permit[.]"

The failure to mention DeSantis could also constitute a violation of R.C. 4303.293, which reads, in pertinent part:

"(A) Any person making application concerning a permit to conduct a business for which a permit is required under this chapter shall list on the application the name and address of each person having a legal or beneficial

ownership of the business, including contracts for purchase on an installment basis."

Under the circumstances, the revocation of the permits was in accordance with these legal provisions also. In sum, the revocation orders were in accordance with law generally. Therefore, the assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas upholding the revocation of the permits is affirmed.

*Judgment affirmed.*

JOHN C. YOUNG, P.J., and WHITESIDE, J., concur.